UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH HARRISON,

    Plaintiff,

v.

BONITA HOFFNER, Warden,

    Defendant.

Case No. 2:15-cv-10512
Honorable Laurie J. Michelson

**OPINION AND ORDER TRANSFERRING PETITION [1] TO
COURT OF APPEALS AS A SECOND OR SUCCESSIVE PETITION**

In 2007, a jury convicted Kenneth R. Harrison of possession of counterfeit tools and bank bills, *see* Mich. Comp. Laws §§ 750.254, 750.255, and two counts of using a computer to commit a crime, *see id.* § 752.796. Harrison unsuccessfully challenged his convictions on direct appeal in state court. In December 2009, he filed a federal habeas corpus petition which was denied on the merits. *Harrison v. Bauman*, No. 2:09-CV-262 (W.D. Mich. filed Dec. 10, 2009); *Harrison v. Bauman*, No. 2:09-CV-262, 2012 WL 3065420 (W.D. Mich. July 27, 2012).

Harrison has now filed another habeas petition. (Dkt. 1.) For the reasons that follow, the Court concludes that the petition is a "second or successive" petition as that phrase is used in 28 U.S.C. § 2244(b). As such, the United States Court of Appeals for the Sixth Circuit must first decide whether this Court may consider the claims in Harrison's second petition and the petition will be transferred to the Court of Appeals for that purpose.

## I.

### A.

Following the jury's conviction, Harrison appealed as of right, claiming that the evidence at trial was insufficient to support his convictions. The Michigan Court of Appeals disagreed and affirmed Harrison's convictions. *See generally People v. Harrison*, 768 N.W.2d 98 (Mich. Ct. App. 2009). On September 11, 2009, the Michigan Supreme Court denied leave to appeal because it was not persuaded that it should review the questions Harrison presented. *See People v. Harrison*, 771 N.W.2d 737 (table) (Mich. 2009).

### B.

Harrison subsequently challenged the sufficiency of the evidence supporting his convictions by seeking federal habeas corpus relief. *Harrison v. Bauman*, No. 2:09-CV-262 (W.D. Mich. filed Dec. 10, 2009). The magistrate judge, who had been referred the petition for a report and recommendation, concluded, "The Michigan Court of Appeals' decision was not contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or did not result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *Harrison v. Bauman*, No. 2:09-CV-262, 2011 WL 8473010, at *3 (W.D. Mich. Aug. 29, 2011) (report and recommendation); *see also id.* at *5. The district judge adopted the magistrate judge's report and recommendation. *Harrison v. Bauman*, No. 2:09-CV-262, 2012 WL 3065420, at *1 (W.D. Mich. July 27, 2012). The United States Court of Appeals for the Sixth Circuit subsequently denied Harrison a certificate of appealability, finding "no error in the district court's resolution of Harrison's constitutional claims." *See Harrison v. Bauman*, No. 12-2161, slip order at 5 (6th Cir. Feb. 14, 2013).

## C.

Harrison signed and dated the habeas corpus petition now before the Court on January 28, 2015. (Dkt. 1.) He appears to allege that (1) the time limits for seeking an enhanced sentence under Michigan Compiled Laws § 769.13 were violated resulting in a denial of liberty protected by the Fourteenth Amendment; (2) his trial and appellate attorneys were ineffective for failing to raise the issue of the mandatory time limits of § 769.13; (3) he was tricked into accepting a plea deal because trial counsel, the prosecutor, and the trial judge led him to believe he would receive a specific sentence; and (4) the state trial court had a pecuniary interest in the criminal proceedings and was biased in violation of the Fifth and Fourteenth Amendments. (*See* Dkt. 1.)

## II.

As noted, the federal habeas petition before the Court is not Harrison's first. Under § 2244(b), a petitioner who wishes to file a "second or successive" habeas corpus petition must ask "the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Harrison has not alleged that he acquired permission from the Court of Appeals for the Sixth Circuit to file a second or successive habeas corpus petition. And this Court has found no appellate records indicating that the Sixth Circuit granted Harrison permission to file a second or successive petition. Accordingly, if the petition now before the Court is a "second or successive" petition within the meaning of 28 U.S.C. § 2244(d), this Court must transfer the petition to the Sixth Circuit for a determination of whether this Court may consider the petition. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) ("[W]e hold that when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3)

authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

The Court finds that Harrison's petition is a "second or successive" habeas petition within the meaning of 28 U.S.C. § 2244(d). The petition that Harrison filed in the United States District Court for the Western District of Michigan was, as described above, decided on the merits. *See In re Garner*, 612 F.3d 533, 535 (6th Cir. 2010) ("Because Garner's initial habeas petition was decided 'on the merits,' his recent filings in our court are properly deemed a 'second or successive' petition." (citing *In re Cook*, 215 F.3d 606, 607–08 (6th Cir. 2000)); *Carlson v. Pitcher*, 137 F.3d 416, 420 (6th Cir. 1998) ("[A] habeas petition filed after a previous petition has been dismissed on exhaustion grounds is not a 'second or successive' petition implicating the pre-filing requirement of obtaining an order of authority from the court of appeals."). Also, in the petition now before the Court, Harrison asserts federal grounds for relief from his state-court conviction and Harrison has not argued that an exception to the second-and-successive rule applies here. *Cf. Magwood v. Patterson*, 561 U.S. 320, 332 (2010) ("[I]t is well settled that the phrase [second or successive] does not simply 'refe[r] to all § 2254 applications filed second or successively in time,' *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007); *see id.*, at 947 (creating an 'exceptio[n]' to § 2244(b) for a second application raising a claim that would have been unripe had the petitioner presented it in his first application); *Stewart v. Martinez–Villareal*, 523 U.S. 637, 643 (1998) (treating a second application as part of a first application where it was premised on a newly ripened claim that had been dismissed from the first application 'as premature') . . . ."); *Tyler v. Anderson*, 749 F.3d 499, 506–07 (6th Cir. 2014) (providing that a Rule 60(b) motion should be treated as a successive habeas petition "if it asserts a federal basis for relief from the state court's judgment of conviction, by seeking to add a new ground for relief

4

or attacking the federal court's previous resolution of a claim *on the merits*" but not if it "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar" (internal quotation marks and citations omitted)).

## III.

For the foregoing reasons, the Clerk of the Court shall transfer Harrison's petition to the Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 for a determination of whether this Court may consider Harrison's habeas claims.

SO ORDERED.

        s/Laurie J. Michelson
        LAURIE J. MICHELSON
        UNITED STATES DISTRICT JUDGE

Dated: March 5, 2015

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 5, 2015.

        s/Jane Johnson
        Case Manager to
        Honorable Laurie J. Michelson